IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LARRY D. VASSAR,            )
                            )
    Plaintiff,          )
                            )
vs.                         )    CIVIL ACTION NO. 03-C-3242-S
                            )
PINKERTON/BURNS SECURITY, INC., )
AMUNID SKARHOLT, and DON    )
WALKER,                     )
                            )
    Defendants.         )

**FILED**
04 JUN 21 PM 12:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

**ENTERED**
JUN 21 2004

## MEMORANDUM OPINION

This is a *pro se* action, filed by a plaintiff who worked for Pinkerton/Burns Security, Inc. At the end of certain statements of facts in his complaint, the plaintiff sets out certain "violations." He states:

1. When I was hired by the defendants, on their application I requested a post that was safe and did not require me to carry a weapon.
2. The Defendants refused to honor that request. They placed me in an unsafe post.
3. After I saw that they was [sic] not going to honor their own handbook policy.
4. I asked them for a weapon that their policy stated that they was supposed to provide.
5. The day of the robbery at the American Credit Union, a lady was shot in the head in my arms.
6. It was plain that there was danger on the job.
7. Before that happened, I complained about job safety as their handbook stated I should. They refused to honor their policy and I was almost killed with no self-protection and no way to protect the client's interest. This was bad Labor Relations.
8. Labor pay relations was violated because the defendant refused to tell me a rate of pay.
9. After the shooting, I was having mental problems about the lady getting shot in my arms.

Before the court is the defendants' motion to dismiss. In support of their motion, the defendants assert lack of subject matter jurisdiction. They state that the plaintiff's claim that Pinkerton/Burns did not follow its own policy is a state breach of contract claim. With respect to the plaintiff's contention that the Fair Labor Standards Act was violated, the defendants point out that the allegations in the complaint do not involve minimum wage (29 U.S.C. §106), overtime compensation (29 U.S.C. §207), age discrimination (29 U.S.C. §623), or any other recognizable violation of the FLSA. Finally, the defendants assume that the plaintiff's claim under the "Labor Relations Act" is a purported claim under the National Labor Relations Act. The complaint, however, contains no statements that implicate the NLRA, does not allege that the plaintiff was a member of a union or was working under the terms and conditions of a collective bargaining agreement, and makes no reference to the plaintiff having exhausted NLRA procedures before filing this action. In response to the motion to dismiss, the plaintiff states that he wants to charge the defendants with violation of the Thirteenth Amendment's prohibition of slavery.

After due consideration, the court concludes that the defendants' motion to dismiss is due to be granted for lack of subject matter jurisdiction. An appropriate order will be entered.

DONE this _17th_ day of June, 2004.

_____
U. W. Clemon,
United States District Judge

2